1  L. Paul Mankin, IV (SBN 264038)
   LAW OFFICES OF L. PAUL MANKIN, IV
2  8730 Wilshire Blvd., Suite 310
3  Beverly Hills, California 90211
   Tel: (310) 776-6336
4  Fax: (323) 207-3885
   pmankin@paulmankin.com
5
6  Attorneys for Plaintiff Jennifer Shaouli

7
          **UNITED STATES DISTRICT COURT**
8         **CENTRAL DISTRICT OF CALIFORNIA**

9
10 JENNIFER SHAOULI, individually    | Case No.:
   and on Behalf of all others similarly |
11 situated,                          | **CLASS ACTION COMPLAINT**
12            Plaintiff,              | (1)  Violation of Unfair Competition Law
                                      |      (Cal. Business & Professions Code
13        vs.                         |      §§ 17500 *et seq.*);
                                      | (2)  Violation of Unfair Competition Law
14 SAKS FIFTH AVENUE, INC., a         |      (Cal. Business & Professions Code
   Massachusetts corporation,         |      §§ 17200 *et seq.*);
15                                    | (3)  Violation of the Consumers Legal
             Defendant.              |      Remedies Act (Cal. Civil Code
16                                    |      §§ 1750 *et seq.*);
                                      | (4)  Negligent Misrepresentation; and
17                                    | (6)  Breach of Quasi-Contract.
18                                    | **Jury Trial Demanded**
19
20
21
22
23
24
25
26
27
28

Plaintiff, Jennifer Shaouli, individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief and states:

## INTRODUCTORY STATEMENT

1.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action individually and on behalf of all other similarly situated customers against Saks Fifth Avenue, Inc. ("Saks" or "Defendant") who purchased products from Defendant from either their retail stores located throughout the United States, including, but not limited to California, and/or online at Saks' website, saks.com, only to have either their: (1) accounts placed into "Negative status;" (2) requests to return, exchange, credit or refund merchandise purchased from Saks declined even if the item was returned with proof of purchase within 7 days of purchase; (3) ability to make purchases at saks.com suspended and/or terminated; and/or (4) future transactions restricted or refused, due to what Defendant deems as high "return rate[s]" and/or "unreasonable return pattern[s]," while failing to conspicuously display its return policy as required by statute.

2.     California Civil Code §1723 requires that retailers who have a policy of not providing a cash refund, credit or exchange when an item is returned with proof of purchase within 7 days of purchase must inform consumers about their refund policies by conspicuously placing a written notice about their policies, in language that consumers can understand, so that it can be easily seen and read. The policy must be displayed either at each entrance to the store, at each cash register and sales counter, on tags attached to each item, or on the company's order forms, if any. A return policy printed only on a receipt, for example, is not sufficient.

3.     Defendant Saks Fifth Avenue operates retail stores throughout the United States, including the State of California.  Defendant does not currently post their return and refund policies at each public entrance to their stores, cash register and sales counter, on tags attached to each item sold under their policy, or on the

1   company's order forms, if any, in violation of California Civil Code §1723(a).

2       4.      As a result of this practice, millions of unwitting customers who

3   purchased products from Defendant are subjected to Defendant's restrictions on

4   returns, exchanges, credits, and refunds, without ever being properly informed of

5   such restrictive policies as required by law.

6       5.      Saks' unfair and deceptive business practices thus constitutes a

7   violation of California law for which Plaintiff and class members are entitled to

8   seek redress under the UCL, CLRA and other California consumer protection

9   statutes.

10      6.      Plaintiff, on behalf of herself and all other similarly situated persons,

11  seeks an injunction requiring Defendant to post its return and refund policies as

12  required by law, actual and/or compensatory damages, restitutionary and equitable

13  relief, costs and expenses of litigation, attorneys' fees, and all other available

14  relief for Plaintiff and all other members of the classes described below.

**JURISDICTION and VENUE**

16      7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §

17  1332(d)(2) because this case is filed as a class action under Fed. R. Civ. P. 23 and

18  the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive

19  of interest and costs, and a substantial number of members of the class are citizens

20  of a state different from California.

21      8.      Venue is proper in this district and division under 28 U.S.C. §

22  1391(a) because a substantial part of the events or omissions giving rise to the

23  claims asserted herein occurred in this judicial district.  Further, Defendants

24  market and sells its products across the United States and in this judicial district.

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT

**PARTIES**

9.     Plaintiff Jennifer Shaouli is a citizen and resident of Los Angeles, and entered into a retail transaction with Defendant at one of Defendant's California stores.

10.     Defendant Saks Fifth Avenue, Inc. is a Massachusetts Corporation with its principal office at 12 E. 49th Street, New York, New York 10017.  Saks may be served through its registered agent, Corporation Service Company, 84 State Street, Boston, MA 02109.

11.     Plaintiff brings this class action against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class of persons hereinafter defined (herein referred to as the "Class").

12.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, Saks and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

13.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

CLASS ACTION COMPLAINT

15.     Based upon information and belief, due to the millions of Saks customers, the class of unnamed plaintiffs exceeds 100 in number within the meaning of 28 USC Sec. 1332(d)(5)(B).

### FACTUAL ALLEGATIONS

16.     Plaintiff regularly purchases products from Defendant online at saks.com or at Defendant's retail store located at 9600 Wilshire Blvd., Beverly Hills, California 90212 (hereinafter "Beverly Hills Store").

17.     On one occasion, on January 18, 2014, Plaintiff went to Defendant's Beverly Hills Store and purchased shoes. Plaintiff entered and exited through the south side entrance of Beverly Hills Store and did not see Saks' return policy posted at the entrance, because Saks' return policy was not posted at the entrance.

18.     At no time before, during, or immediately after her purchase, was Plaintiff made aware that under Saks' return policy, that if Saks' determined that her account had a  high "return rate" and/or "unreasonable return pattern," that Defendant could and would:  (1) place her account into "Negative status;" (2) decline her requests to return, exchange, credit or refund merchandise purchased from Saks even if the item was returned with proof of purchase within 7 days of purchase;  (3) suspend and/or terminate her ability to make purchases at saks.com; and/or (4) restrict or refuse her future transactions.

19.     On or about  February 13, 2014, Plaintiff received a letter from Saks, dated February 11, 2014, stating, in relevant part, that "based on [her] past shopping practices and account history at Saks Fifth Avenue….any purchases you make February 25, 2014, or later at Saks Fifth Avenue, or at saks.com, any request you make to return, exchange, credit or refund that merchandise will be declined at the register….[,] that no purchases or returns will be permitted at saks.com, in any manner, as of the same effective date[, and that Saks] may restrict or refuse future transactions from you in our stores."

20.     Upon inquiry, Saks sent Plaintiff another letter, dated March 17, 2014, detailing Saks's return policy, which states in relevant part, "[t]o ensure a positive shopping experience for all our customers, if we identify through electronic analysis an unreasonable return pattern, we may restrict or refuse future transactions from such customers at Saks Fifth Avenue or at saks.com."

21.     Had Saks properly displayed its return policy as required by law, Plaintiff would not have purchased Saks' products, would have purchased less of the products, and/or would have paid less for the products.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

23.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All United States Residents who purchased products from Saks from either their retail stores located throughout the United States and/or online at saks.com, only to have either their: (1) accounts placed into "Negative status;" (2) requests to return, exchange, credit or refund merchandise purchased from Saks declined;  (3) ability to make purchases at saks.com suspended and/or terminated; and/or (4) future transactions restricted or refused, due to what Saks deems as high "return rate[s]" and/or "unreasonable return pattern[s]" within the past four (4) years (the "Class Period").

24.     Plaintiff also seeks to represent a subclass (the "Subclass") defined as follows:

> All California Residents who purchased products from Saks from either their retail stores located throughout the United States and/or online at saks.com, only to have either their: (1) accounts placed into "Negative status;" (2) requests to return, exchange, credit or refund merchandise purchased from Saks declined;  (3) ability

CLASS ACTION COMPLAINT

to make purchases at saks.com suspended and/or terminated; and/or (4) future transactions restricted or refused, due to what Saks deems as high "return rate[s]" and/or "unreasonable return pattern[s]" within the past four (4) years (the "Class Period").

25.    As used herein, the term "class members" shall mean and refer to the members of the Class and Subclass described above.

26.    Excluded from the Class and Subclass are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

27.    Plaintiff reserves the right to amend the Class and Subclass, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

28.    This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2), or (b)(3) and satisfies the requirements thereof.

29.    The exact number of class members is presently unknown, but given Saks' millions of customers, it is reasonable to presume that the members of the Class and Subclass are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

30.    The foregoing allegations are based upon Saks' published policies, account notes for existing customers and correspondence to Plaintiff and class members.  Because there are no variations between and among the agreements, the Court will be able to easily interpret uniformly the policies and apply them to the class members, making the case well suited for Class Certification.

31.    This action involves common questions of law and fact, including the following:

        a.   Whether Saks properly displayed and posted its return policy as required by law;

b. Whether Saks's failure to properly display its return policy in relation to customer accounts it deems as having high "return rate[s]" and/or "unreasonable return pattern[s]," in the factual scenarios described in the class and subclass definitions, are unlawful, unfair, or fraudulent businesses practices;

c. Whether Saks has breached its agreement and covenant of good faith and fair dealing with each class member;

d. Whether Saks failed to notify, and omitted to state, that certain customer accounts it deems as having high "return rate[s]" and/or "unreasonable return pattern[s]," are at risk of having either their: (1) accounts placed into "Negative status;" (2) requests to return, exchange, credit or refund merchandise purchased from Saks declined;  (3) ability to make purchases at saks.com suspended and/or terminated; and/or (4) future transactions restricted or refused;"

e. Whether Saks has violated California Business & Professions Code Sec. 17200 *et seq*.;

f. Whether Saks was unjustly enriched failing to properly display its restrictive return policy; and

g. The method of calculation and extent of damages for members of the Class.

32.    Plaintiff's claims are typical of those of the class and subclass because Plaintiff and class members suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

33.    Plaintiff will adequately protect the interests of class members and has retained counsel who are experienced in consumer class action litigation. Plaintiff has no interests that are adverse to or conflict with those of class members.  Plaintiff is committed to the vigorous prosecution of this action and, to

that end, Plaintiff has retained counsel who are competent and experienced in handling class actions on behalf of consumers.

34.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for class members to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

35.   In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

a.   The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant.

b.   The prosecution of separate actions by individual class members would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and Subclass and necessitating that any such relief be extended to class members on a mandatory, class-wide basis.

36.   Plaintiff is not aware of any difficulty which will be encountered in

CLASS ACTION COMPLAINT

1    the management of this litigation which should preclude its maintenance as a class

2    action.

3         37.    Among other things, each class member's interest in individually

4    controlling the prosecution of the claims herein makes it virtually impossible to

5    assert those claims outside the class action context

6         38.    There are no likely difficulties in managing this case as a class action

7    and the Plaintiff's counsel is experienced in class actions.

8         39.    Moreover, the class definition is ascertainable and lends itself to class

9    certification because Saks keeps records of its customers, their transactions, and

10   any correspondence informing them that either their: (1) accounts were placed into

11   "Negative status;" (2) requests to return, exchange, credit or refund merchandise

12   purchased from Saks were or would be declined;  (3) ability to make purchases at

13   saks.com were or would be suspended and/or terminated; and/or (4) future

14   transactions were or would be restricted or refused, due to what Defendant deems

15   as high "return rate[s]" and/or "unreasonable return pattern[s]"  Saks can therefore

16   easily produce the records that would identify all class members.

### FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

20        40.    Plaintiff incorporates by reference each allegation set forth above.

21        41.    Pursuant to California Business and Professions Code section 17500,

22   *et seq.*, it is "unlawful for any person, firm, corporation or association, or any

23   employee thereof with intent directly or indirectly to dispose of real or personal

24   property or to perform services, professional or otherwise, or anything of any

25   nature whatsoever or to induce the public to enter into any obligation relating

26   thereto, to make or disseminate or cause to be made or disseminated before the

27   public in this state, or to make or disseminate or cause to be made or disseminated

28   from this state before the public in any state, in any newspaper or other

publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised." For the reasons described above, Defendant has engaged in false or misleading advertising in violation of California Business and Professions Code section 17500.

42. Defendant unfairly and fraudulently omitted material facts concerning its return and refund policy, including, but not limited to, the fact that: if Defendant deems customers' accounts as having high "return rate[s]" and/or "unreasonable return pattern[s]," such customers could have and did have their: (1) accounts placed into "Negative status;" (2) requests to return, exchange, credit or refund merchandise purchased from Saks declined;  (3) ability to make purchases at saks.com suspended and/or terminated; and/or (4) future transactions restricted or refused. By omitting such material facts, Defendant misled Plaintiff and Class Members t believe that it did not have a policy of not providing a cash refund, credit or exchange when an item is returned with proof of purchase within 7 days of purchase, which Defendant knew or should have known were untrue or misleading.

43. As a direct and proximate cause of Defendant's violation of the False Advertising Law, Plaintiff and class members have suffered injury in fact and actual damages.

44.     Unless Defendant is enjoined from continuing to engage in such wrongful actions and conduct, members of the general public will continue to be damaged by Defendant's false and misleading advertising.

45.     So as not to be unjustly enriched by its own wrongful actions and conduct, Defendant should be required to disgorge and restore to Plaintiff, members of the Class, and the general public, all monies wrongfully obtained by Defendant as a result of their false and misleading advertising, along with interest.

**SECOND CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

46.     Plaintiff incorporates by reference each allegation set forth above

47.     California Business and Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice."

48.     As set forth above, under California Civil Code §1723, retailers who have a policy of not providing a cash refund, credit or exchange when an item is returned with proof of purchase within 7 days of purchase must inform consumers about their refund policies by conspicuously placing a written notice about their policies, in language that consumers can understand, so that it can be easily seen and read. The policy must be displayed either at each entrance to the store, at each cash register and sales counter, on tags attached to each item, or on the company's order forms, if any. A return policy printed only on a receipt, for example, is not sufficient.

49.     Defendant has a policy of not providing a cash refund, credit or exchange when an item is returned with proof of purchase within 7 days. However, Defendant failed to inform consumers about their refund policies by conspicuously placing a written notice about their policies, in language that consumers can understand, so that it can be easily seen and read. Such action, or failure to act, is therefore an "unlawful" business practice or act under Business

and Professions Code Section 17200 *et seq*.

50.     Saks' failure to inform consumers about their refund policies by conspicuously placing a written notice about their policies, in language that consumers can understand, so that it can be easily seen and read, as set forth herein, also constitutes an "unfair" business act or practice within the meaning of California Business and Professions Code sections 17200 *et seq*., because any utility for Saks' conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members and because the conduct offends public policy.

51.     In addition, Saks' failure to post its return policy as required by law constitutes a "fraudulent" business practice or act within the meaning of Business and Professions Code Section 17200 *et seq*.  California Civil Code §1723 is carefully crafted to require that retailers to post their return policy of not providing a cash refund, credit or exchange when an item is returned with proof of purchase within 7 days of purchase  to protect the consuming public from being deceived. Saks' return policy poses the very risk of deception the regulations were promulgated to protect against

52.     Moreover, there were reasonable alternatives available to Saks to further its legitimate business interests, other than the conduct described herein. For example, Saks could have complied California Civil Code §1723 requirements by displaying its return policy either at each entrance to their stores, at each cash register and sales counter, on tags attached to each item, or on the company's order forms, if any.

53.     Saks actions, or failure to act, induced Plaintiff and Class Members to purchase products and items from either Saks' retail stores located throughout the United States, including, but not limited to California, and/or online at Saks' website, saks.com.  Had Saks properly displayed its return policy, Plaintiff and Class Members would not have purchased their products or items, would have purchased less of their products or items and/or would have paid less for their

1   products or items.  Saks' conduct therefore caused and continues to cause

2   economic harm to Plaintiff and Class Members.

3       54.    Saks' has thus engaged in unlawful, unfair, and fraudulent business

4   acts entitling Plaintiff and Class Members to judgment and equitable relief against

5   Saks, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and

6   Professions Code section 17203, Plaintiff and Class Members seek an order

7   requiring Saks to immediately cease such acts of unlawful, unfair, and fraudulent

8   business practices and requiring Saks to correct its actions.

## THIRD CAUSE OF ACTION

## Violation of the Consumers Legal Remedies Act

### (Cal. Civil Code § 1750 *et seq.*)

12       55.    Plaintiff incorporates by reference each allegation set forth above.

13       56.    This cause of action is brought pursuant to the Consumers Legal

14   Remedies Act, California Civil Code Sections 1750 et seq. ("CLRA").

15       57.    The CLRA has adopted a comprehensive statutory scheme

16   prohibiting various deceptive practices in connection with the conduct of a

17   business providing goods, property, or services to consumers primarily for

18   personal, family or household purposes.   The self-declared purposes of the act are

19   to protect consumers against unfair and deceptive business practices and to

20   provide efficient and economical procedures to secure such protection.

21       58.    Each defendant named herein is a "person" as defined by Civil Code

22   section 1761(c) because they are corporations and/or companies as set forth above.

23       59.    Plaintiff and Class Members are "consumers" within the meaning of

24   Civil Code section 1761(d) because they are individuals who purchased the

25   products and items from Defendant and were and are subject to Defendant's

26   restrictive return policy at issue in this complaint for personal and/or household

27   use.

28   ///

60.     The products and items Saks sold to Plaintiff and Class Members are "goods" within the meaning of California Civil Code section 1761 (a) in that they are tangible products bought by Plaintiff and Class Members for personal, family, and/or household use.

61.     Plaintiff's and Class Members' payments for the "goods" from Saks are "transaction[s]" as defined by Civil Code section 1761 (e) because Saks entered into an agreement to sell those products in exchange for Plaintiff's and Class Members' monetary compensation.

62.     Plaintiff has standing to pursue this claim as she has suffered injury in fact and has lost money as a result of Saks actions as set forth herein. Specifically, Plaintiff purchased products and items from Saks on various occasions. Had Saks properly displayed its restrictive return policy, Plaintiff would not have purchased the products or items, would have purchased less of the products or items and/or would have paid less for the products or items.

63.     Section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."   As discussed above, California Civil Code §1723, requires retailers who have a policy of not providing a cash refund, credit or exchange when an item is returned with proof of purchase within 7 days of purchase must inform consumers about their refund policies by conspicuously placing a written notice about their policies, in language that consumers can understand, so that it can be easily seen and read. The policy must be displayed either at each entrance to the store, at each cash register and sales counter, on tags attached to each item, or on the company's order forms, if any. A return policy printed only on a receipt, for example, is not sufficient.  As a result, by failing to properly display its return policy, Saks effectively represented that its goods has sponsorship, approval, characteristics, uses and benefits which it does not have under the governing law.

64.     Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  By failing to properly display its return policy, Saks similarly represented its goods to be of a particular standard, quality or grade which it is not under the governing law.

65.     Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."  Saks is a multi-million dollar company advised by skilled counsel who, on information and belief, are or by the exercise of reasonable care should be aware of the governing regulations and their purpose, and the fact that the disclosure of its return policy does not comply with them.  By failing to properly display its return policy and introducing its goods subject to its restrictive return policy into the stream of commerce notwithstanding this knowledge, Saks thus intentionally sold a misbranded product.

66.     Pursuant to section 1782 of the CRLA, Plaintiff notified Saks in writing of the particular violations of section of the CLRA and demanded that Saks rectify the problems associated with the behavior detailed above, which acts and practices are in violation of Civil Code section 1770.

67.     Saks failed to adequately respond to Plaintiff's above-described demands and failed to give notice to all affected consumers, pursuant to Civil Code section 1782.

68.     Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code section 1780(d).

69.     Plaintiff seeks an order enjoining the act and practices described above, restitution of property, and any other relief that the court deems proper.

70.     Currently, pursuant to California Civil Code 1782(d), with respect only to Plaintiff's CLRA claim, Plaintiff only seeks equitable and injunctive relief

through the CLRA and not actual damages via the CLRA.  Upon Saks failure to rectify or agree to adequately rectify the problems associated with the actions detailed above, Plaintiff will amend his complaint to additionally seek damages, restitutionary relief, punitive damages, attorneys' fees and costs, and any other relief available under section 1780(a) of the CRLA.

**FOURTH CAUSE OF ACTION**

**Negligent Misrepresentation**

71.    Plaintiff incorporates by reference each allegation set forth above.

72.    Saks owed a duty to Plaintiff and Class Members to exercise reasonable care in making representations about its goods, subject to its restrictive return policy, which it offered for sale to consumers.

73.    Saks knew, or should have known by the exercise of reasonable care, that its return policy of not providing a cash refund, credit or exchange when an item is returned with proof of purchase within 7 days of purchase must be conspicuously displayed by placing a written notice about their policies, in language that consumers can understand, so that it can be easily seen and read.

74.    Plaintiff and Class Members reviewed, believed, and relied upon Saks' misrepresentations of its goods when deciding to purchase such goods, and how much to pay for such goods.

75.    As a direct and proximate result of Saks' negligent and/or reckless conduct, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**Breach of Quasi-Contract**

76.    Plaintiff incorporates by reference each allegation set forth above. As a direct and proximate result of Saks' acts, as set forth above, Saks has been unjustly enriched.

///

77.    Through unlawful and deceptive conduct in connection with the advertising, marketing, promotion, and sale of its goods subject to its restrictive return policy, Saks has reaped the benefits of Plaintiff's and Class Members' payments for a misbranded product.

78.    Saks conduct created a contract or quasi-contract through which Saks received a benefit of monetary compensation without providing the consideration promised to Plaintiff and Class Members.  Accordingly, Saks will be unjustly enriched unless ordered to disgorge those profits for the benefit of Plaintiff and Class Members.

79.    Plaintiff and Class Members are entitled to and seek through this action restitution of, disgorgement of, and the imposition of a constructive trust upon all profits, benefits, and compensation obtained by Saks from its improper conduct as alleged herein.

## MISCELLANEOUS

80.    Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

81.    Plaintiff requests a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

82.    Plaintiff, on behalf of himself and the Class, request the following relief:

      a.  An order certifying the Class and Subclass and appointing Plaintiff as Representative of both the Class and Subclass;

      b.  An order certifying the undersigned counsel as Class Counsel;

///

c.  A declaratory judgment that Saks' failure to properly display its return policy is unlawful;

d.  An order requiring Defendant, at its own cost, to notify all class members of the alleged misrepresentations and material omissions discussed herein;

e.  An order requiring Defendant to change its policy of:(1) placing accounts into "Negative status;" (2) declining requests to return, exchange, credit or refund merchandise purchased from Saks;  (3) suspending and/or terminating customers' ability to make purchases at saks.com; and/or (4) restricting or refusing future transactions when it deems a customer's account as having high "return rate[s]" and/or "unreasonable return pattern[s];"

f.  An order requiring Defendant to engage in corrective advertising regarding the omissions set forth above;

g.  Actual damages suffered by Plaintiff and Class Members or full restitution of all funds acquired from Plaintiff and Class Members from Saks' unlawful, unfair, an/or fraudulent business practices, including disgorgement of profits;

h.  Punitive damages, as allowable, in an amount determined by the Court or jury;

i.  Any and all statutory enhanced damages;

j.  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court' inherent power;

k.  Pre- and post-judgment interest; and

//
//
//

CLASS ACTION COMPLAINT

l.   All other relief, general or special, legal and equitable, to
     which Plaintiff and Class Members may be justly entitled as
     deemed by the Court.

Dated:  December 15, 2014          Respectfully submitted,

                        **LAW OFFICES OF PAUL L. MANKIN, IV**

                        By: _____
                            Paul L. Mankin, IV
                            Attorney for Plaintiff Jennifer Shaouli