KELLEY DRYE & WARREN LLP
  David E. Fink (STATE BAR NO. 169212)
  Ken D. Kronstadt (STATE BAR NO. 259996)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
dfink@kelleydrye.com
kkronstadt@kelleydrye.com

Attorneys for Defendant
Saks & Company (erroneously sued as
Saks Fifth Avenue, Inc.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SHAOULI, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS FIFTH AVENUE, INC., a Massachusetts corporation<br><br>Defendants. | Case No.: 2:14-cv-09590-AB-JC<br><br>[Hon. André Birotte, Jr.]<br><br>**DEFENDANT SAKS & COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declarations of Ken D. Kronstadt and Sheryl Steiner; and [Proposed] Order filed concurrently herewith*]<br><br>Date:        March 9, 2015<br>Time:       10:00 a.m.<br>Place:      Courtroom 4<br><br>Trial Date:     None set<br>Complaint Filed:   December 15, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on March 9, 2015, or as soon thereafter as the parties may be heard, before the Honorable André Birotte, Jr. located at 312 North Spring St., Courtroom 4, Los Angeles, California 90012, Defendant Saks & Company ("Defendant," erroneously sued as Saks Fifth Avenue, Inc.[1]) will and hereby does move to dismiss the Complaint of Plaintiff Jennifer Shaouli ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff fails to state a claim for relief, as follows:

   1.    Each of Plaintiff's first through fourth causes of action fails to state a claim for relief because Plaintiff fails to allege she suffered loss, economic damages, or injury in fact.  Accordingly, Plaintiff: (i) lacks standing to bring her first and second causes of action under California's unfair competition laws (sections 17200 *et seq.* and 17500 *et seq.* of the California Business and Professions Code (the "UCL")) and her third cause of action under the Consumer Legal Remedies Act (section 1750 et seq. of the California Civil Code (the "CLRA")); (ii) cannot allege that she suffered damage as a result of any alleged violation of the CLRA as required; and (iii) cannot allege that she suffered any loss as required to support her fourth cause of action for negligent misrepresentation.

   2.    Plaintiff's recovery on each of her five causes of action is barred because Plaintiff's Complaint reveals on its face that she failed to take any effort whatsoever to mitigate her damages.  As a result, Plaintiff cannot recover any damages on her first, second, third or fourth causes of action.  Additionally, it is not unjust for Defendant to retain any profits Plaintiff took no effort to recover, and she has waived any right to recover on her cause of action for breach of quasi-contract.

   3.    Plaintiff's third cause of action for violation of the CLRA is barred for the independent reason that, under the plain meaning of the CLRA subsections that

---

[1] Plaintiff identifies Saks Fifth Avenue, Inc. as a Massachusetts corporation, but it was a Tennessee corporation during its existence.

form the basis of this claim, the Complaint fails to state a facially-valid claim that Defendant has violated the CLRA.

4.     Plaintiff is not entitled to injunctive relief under the UCL or CLRA because (i) she lacks standing under Article III because there is no real or immediate threat of an irreparable injury to her; and (ii) there is no possibility the conduct complained of will recur as to Plaintiff; and (iii) Plaintiff fails to allege that she suffered damage as a result of any alleged unlawful practices.

This Motion is made following the conference of counsel under Local Rule 7-3, which took place on January 29, 2015.  This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Ken D. Kronstadt and Sheryl Steiner filed concurrently herewith, all pleadings and papers on file in this action, and any oral argument or documentary matters as may be presented to the Court at or before the hearing on this Motion.


DATED:  February 6, 2015          KELLEY DRYE & WARREN LLP
                                  David E. Fink
                                  Ken D. Kronstadt

                                  By    /s/ Ken D. Kronstadt
                                  _____
                                        Ken D. Kronstadt
                                  Attorneys for Defendant Saks & Company,
                                  erroneously sued as Saks Fifth Avenue, Inc.

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT
521286

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................. 1

II.     STATEMENT OF ALLEGATIONS........................................... 2

III.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED IN THEIR
        ENTIRETY ......................................................................... 4

        A.    Standards Applicable to a Motion Under Rule 12(b)(6) .................. 4

        B.    Plaintiff Fails To Allege That She Sustained Damages .................... 6

              1.    Plaintiff Lacks Standing to Bring Her First Two UCL
                    Causes of Action Because She Fails to Allege That She
                    Both Suffered Injury in Fact and Lost Money or Profits ......... 6

              2.    Plaintiff Cannot State a Claim for Violation of the CLRA ...... 7

              3.    Plaintiff's Claim for Negligent Misrepresentation Fails
                    Because She Suffered No Loss ................................................ 9

        C.    Even If Plaintiff Had Alleged Compensable Damages, Her
              Recovery On Each Of Her Causes Of Action Is Barred By Her
              Failure To Mitigate ......................................................... 9

              1.    Plaintiff Cannot Recover Any Losses or Damages Claimed
                    in Her UCL, CLRA, or Negligent Misrepresentation
                    Causes of Action.................................................................10

              2.    Plaintiff is Not Entitled to Restitution on Her Cause of
                    Action for Breach of Quasi-Contract....................................11

        D.    Plaintiff Fails To State A Facially-Valid CLRA Claim ...................12

        E.    Plaintiff Is Not Entitled To Injunctive Relief .................................13

IV.     CONCLUSION                                                    15

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT

521286

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 556 (2007) ...................................................................................4

*Bender v. Suburban Hosp., Inc.*,
   159 F.3d 186 (4th Cir. 1998) ..............................................................................5

*Gartin v. S & M NuTec LLC*,
   245 F.R.D. 429 (C.D. Cal. 2007) ........................................................................8

*Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) .......................................................................13, 14

*Hearn v. R.J. Reynolds Tobacco Co.*,
   279 F.Supp.2d 1096 (D. Az. 2003) .....................................................................5

*Hinojos v. Kohl's Corp.*,
   718 F.3d 1098 (9th Cir. 2013) .............................................................................8

*Johnson v. Riverside Healthcare Sys., LP*,
   534 F.3d 1116 (9th Cir. 2008) .............................................................................5

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ........................................................................5, 10

*Parrino v. FHP Inc.*,
   146 F.3d 699 (9th Cir. 1998) ........................................................................5, 10

*Perez v. Nidek Co., Ltd.*,
   711 F.3d 1109 (9th Cir. 2013) .......................................................................13, 14

*Royal Foods Co., Inc. v. RJR Holdings, Inc.*,
   252 F.3d 1102 (9th Cir. 2001) ...........................................................................12

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 2000) .............................................................................5

*Sun Microsystems, Inc. v. Microsoft Corp.*,
   188 F.3d 1115 (9th Cir. 1999) ...........................................................................13

*TrafficSchool.com, Inc. v. Edriver Inc.*,
   653 F.3d 820 (9th Cir. 2011) ...............................................................................7

*U.S. v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011).............................................................5, 10

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003).................................................................5

*Weisbuch v. County of Los Angeles*,
    119 F.3d 778 (9th Cir. 1997)...................................................................5

*Yates v. Auto City 76*,
    No. C-10-3932 EMC, 2014 WL 6735397 (N.D. Cal. Nov. 25, 2014)................10

**California Cases**

*Aron v. U–Haul Co. of Cal.*,
    143 Cal. App. 4th 796 (2006).............................................................7, 8

*Associated Builders & Contractors, Inc. v. San Francisco Airports
    Comm'n*,
    21 Cal. 4th 352 (1999) ...........................................................................7

*Bastanchury v. Times-Mirror Co.*,
    68 Cal. App. 2d 217 (1945)....................................................................11

*Cal. Service Station & Auto. Repair Ass'n v. Union Oil Co. of Cal.*,
    232 Cal. App. 3d 44 (1991)....................................................................13

*Chapman v. Skype Inc.*,
    220 Cal. App. 4th 217 ..............................................................................8

*Creative Ventures, LLC v. Jim Ward & Assocs.*,
    195 Cal. App. 4th 1430 (2011)..................................................................9

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010)..................................................................8

*First Nationwide Savings v. Perry*,
    11 Cal. App. 4th 1657 (1992)..................................................................11

*Gould v. Corinthian Colls., Inc.*,
    192 Cal. App. 4th 1176 (2011)................................................................11

*Meyer v. Sprint Spectrum L.P.*,
    45 Cal. 4th 634 (2009) ......................................................................8, 14

iii

*Saunders v. Taylor*,
    42 Cal. App. 4th 1538 (1996)................................................................9

*Schwartz v. Provident Life & Accident Ins. Co.*,
    216 Cal. App. 4th 607 (2013)...........................................................6, 7

*State Dept. of Health Services v. Superior Court*,
    31 Cal. 4th 1026 (2003) .......................................................................9

*Valle de Oro Bank v. Gamboa*,
    26 Cal. App. 4th 1686 (1994)....................................................9, 10, 11

*Vernon v. S. Cal. Edison Co.*,
    191 Cal. App. 2d 378 (1961)...............................................................11

*West v. Bechtel Corp.*,
    96 Cal. App. 4th 966 (2002)................................................................10

**California Statutes**

California Bus. & Prof. Code § 17204 ......................................................6

California Bus. & Prof. Code § 17535 ......................................................6

California Bus. & Prof. Code § 17200 *et seq* ...................................*passim*

California Bus. & Prof. Code § 17500 *et seq* ...................................*passim*

Cal. Civ. Code § 1709.............................................................................9
Cal. Civ. Code § 1780.............................................................................7
Cal. Civ. Code § 1780(a) ........................................................................8
Cal. Civ. Code § 1770(a)(5)...................................................................12
Cal. Civ. Code § 1750 *et seq.*..........................................................*passim*

**Federal Statutes**

Fed.R.Civ. P. 12(b)(6)..........................................................................4, 5

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT

521286

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Jennifer Shaouli ("Plaintiff") seeks an award in excess of $5 million for a class of consumers who she claims were misled because Defendant Saks & Company ("Defendant," erroneously sued as Saks Fifth Avenue, Inc.) allegedly failed to notify consumers properly of its return policy, under which Defendant may refuse to accept merchandise returns from consumers who exhibit an unreasonable return pattern.  On this basis, Plaintiff asserts five causes of action on behalf of herself and a putative consumer class for (1) violation of two separate provisions of California's unfair competition laws, (sections 17200 and 17500 *et seq.* of the California Business and Professions Code (the "UCL")), (2) violation of the Consumer Legal Remedies Act (section 1750 et seq. of the California Civil Code (the "CLRA")), (3) negligent misrepresentation and (4) breach of quasi-contract.

Plaintiff's own allegations, however, show that each of Plaintiff's causes of action must fail.  First, Plaintiff cannot establish that she has sustained any damages. Plaintiff fails to allege that Defendant refused any attempt by her to return merchandise.   For this reason Plaintiff (i) lacks standing to bring either of her UCL causes of action and her CLRA claim; (ii) cannot allege that she suffered damage as a result of any alleged violation of the CLRA as required; and (iii) cannot allege that she suffered any loss as required for her cause of action for negligent misrepresentation.

Second, Plaintiff's Complaint reveals on its face that she failed to mitigate her damages.  Plaintiff acknowledges that when she violated Defendant's existing return policy by returning *$149,245 of merchandise* purchased from Defendant over a 12-month period, Defendant sent her letters explaining that she had violated Defendant's established return policy and gave her two-weeks advance notice that it would restrict her ability to return merchandise purchased *in the future*.  At no time

1

before, during, or after that two-week warning period did Plaintiff ever attempt to return any outstanding unreturned merchandise, and Defendant never refused to accept any returns from Plaintiff.  Her failure to mitigate bars any damages she seeks on her UCL, CLRA, and negligent misrepresentation claims.  Additionally, in light of her willful inaction, Defendant's retention of any profits is not unjust, and Plaintiff has waived any right to relief on her claim for breach of quasi-contract.

Third, Plaintiff's CLRA claim fails for the independent reason that Plaintiff's Complaint fails to allege that Defendant violated any of the CLRA provisions at issue, based on the plain meaning of those provisions.  Under the plain meaning of the CLRA subsections at issue, there is no violation unless Defendant made representations or advertisements regarding *goods and services themselves* (not regarding any *transaction* for the goods or services).  Plaintiff's Complaint, however, fails to allege that Defendant made any representations or claims regarding the goods that she purchased, or issued any advertisements regarding those goods.

Finally, Plaintiff is not entitled to injunctive relief under the UCL or CLRA. Because Plaintiff's Complaint reveals that she has been fully aware of Defendant's return policy for nearly a year, she lacks standing under Article III because there is no real or immediate threat of an irreparable injury to her—there is no ongoing risk that she will make any future purchases without knowing Defendant's policy. Similarly, Plaintiff cannot satisfy the UCL's requirements for injunctive relief because there is no possibility the conduct will recur as to her.  Nor can Plaintiff seek an injunction under the CLRA because, by failing to allege that Defendant ever refused any returns from her, Plaintiff fails to allege that she suffered damage as a result of any alleged unlawful practices.

## II.

## STATEMENT OF ALLEGATIONS

Defendant Saks & Company ("Defendant," erroneously sued as Saks Fifth Avenue, Inc.) operates retail stores throughout the United States, including the State

521286

of California.  *See* Complaint ("Compl.") ¶ 3.  On January 18, 2014, Plaintiff Jennifer Shaouli ("Plaintiff") allegedly purchased merchandise at Defendant's retail store located at 9600 Wilshire  Blvd., Beverly Hills, California, 91212 (the "Beverly Hills Store").  *Id*. ¶¶ 16 & 17.  Plaintiff alleges that Defendant's return policy was not posted at the entrance to the Beverly Hills Store at the time of her purchase.  *Id*. ¶ 17.  Plaintiff further alleges that at no time before, during, or *immediately* after her purchase did Defendant inform her of its existing return policy, under which if Defendant determines that a customer exhibits a high "return rate" or "unreasonable return pattern," Defendant may refuse to allow that customer to continue to return merchandise purchased at Defendant's stores.  *Id*. ¶ 18.

Plaintiff admits, however, that Defendant sent her a letter about the foregoing aspect of Defendant's return policy on February 11, 2014, which she received on February 13, 2014, and that Defendant sent her an additional letter about its policy on March 17, 2014.  Compl. ¶ 19; *see also* Declaration of Sheryl Steiner ("Steiner Decl."), Exs. A (February 11, 2014 letter) & B (March 17, 2014 letter).  Plaintiff acknowledges that the February 11, 2014 letter alerted her to the fact that her past shopping practices and account history violated Defendant's existing return policy.  Compl. ¶ 19; Steiner Decl., Ex. A.[2]  Plaintiff further acknowledges that the February 11, 2014 letter informed her that beginning on February 25, 2014, Defendant would refuse any attempt by Plaintiff to return merchandise she purchased *on or after February 25, 2014* – weeks after the letter was sent.  Compl. ¶ 19; Steiner Decl., Ex. A.  Thus, Plaintiff concedes that Defendant gave her, and she received, advance warning that Defendant would refuse returns for merchandise she purchased on or after a future date.  *See id*.  The February 11, 2014 letter specifically states that

---

[2] Specifically, Defendant told Plaintiff that it had reviewed Plaintiff's account and discovered that she returned $149,245 of the $161,151 (93%) of the merchandise she had purchased over the past 12 months.  Steiner Decl., Ex. A.  Defendant later alerted Plaintiff to the fact that she returned $373,206 of the $416,057 of the merchandise she purchased over the past 9 years.  *Id*. Ex. B.

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant notified Plaintiff "in advance of this change so that you may plan your purchases accordingly." Steiner Decl., Ex. A. Additionally, in the March 17, 2014 letter, Defendant provided Plaintiff with the full text of its existing return policy, which explicitly states that Defendant may restrict or refuse transactions from customers who exhibit an unreasonable return pattern. *Id*. Ex. B.[3]

Plaintiff does not allege that Defendant ever told her that she would be unable to return merchandise she purchased *before* February 25, 2014. *See generally* Compl. Nor does Plaintiff allege that Defendant ever refused even one attempt by her to return any merchandise still in her possession. *See generally id*. Instead, Plaintiff claims that had Defendant displayed its return policy, Plaintiff would not have purchased Defendant's products, would have purchased fewer products, and/or paid less for the products. *E.g.*, Compl. ¶ 21. Given this allegation and Plaintiff's acknowledgment that she received two letters alerting her to Defendant's policy, she tacitly concedes that there is no danger of her making any future purchases from Defendant without knowing of this aspect of Defendant's return policy.

## III.

## PLAINTIFF'S CLAIMS SHOULD BE DISMISSED IN THEIR ENTIRETY

### A.    Standards Applicable to a Motion Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted.) A claim is "plausible" only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff, therefore, must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Dismissal may be based on either "lack of a

---

[3] Although beyond the scope of this Motion, Defendant's policy is posted in its retail stores and printed on the back of its sales receipts.

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT

cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008).

A defendant may use a Rule 12(b)(6) motion when the plaintiff has included allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997). Put another way, "'a plaintiff may plead herself out of court.'" *Id.* at 783 n.1 (9th Cir. 1997) (quoting *Warzen v. Drew*, 60 F.3d 1234, 1239 (9th Cir. 1995)). "[W]hile notice pleading does not demand that a complaint expound on the facts, a plaintiff who does so is bound by such exposition." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). Accordingly, "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch*, 119 F.3d at 783 n.1 (9th Cir. 1997); *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1102 (D. Az. 2003).

In ruling on a Rule 12(b)(6) motion, a court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003). In doing so, a court need not convert the motion into one for summary judgment. *Parrino v. FHP Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998). A court may treat such a document as part of the complaint and assume that its contents are true in ruling on a Rule 12(b)(6) motion. *Marder*, 450 F.3d at 448. A court need not accept as true allegations that are contradicted by documents that are central to the plaintiff's claims whose authenticity no party questions. *Parrino*, 146 F.3d at 706; *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 2000).

**B.      Plaintiff Fails To Allege That She Sustained Damages**

**1.      Plaintiff Lacks Standing to Bring Her First Two UCL Causes of Action Because She Fails to Allege That She Both Suffered Injury in Fact and Lost Money or Profits**

In enacting Proposition 64 in 2004, the California electorate "materially curtailed the universe of those who may enforce UCL provisions" by amending the UCL "to confine standing to those actually injured by defendant's business practices." *Schwartz v. Provident Life & Accident Ins. Co.*, 216 Cal. App. 4th 607, 611 (2013) (quotations omitted).  As amended, the UCL provides that an individual may not prosecute a UCL claim unless he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code §§ 17204, 17535.  To show proof of lost money or property (*i.e.*, economic injury), a plaintiff must show that he or she (1) surrendered in a transaction more, or acquired in a transaction less, than he or she otherwise would have; (2) had a present or future property interest diminished; (3) was deprived of money or property to which he or she has a cognizable claim; or (4) was required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. *Schwartz*, 216 Cal. App. 4th at 611.

A plaintiff who suffered no negative consequences from her purchase cannot claim economic injury under the UCL.  *Schwartz*, 216 Cal. App. 4th at 611.  In *Schwartz*, the California Court of Appeal held that where a policyholder paid a fixed premium for a promise of disability coverage, but never filed a disability claim and was therefore never denied coverage,  he lost no money or property because the only alleged harm was "potential" or "abstract".  *Schwartz*, 216 Cal. App. 4th at 611.

The text of Proposition 64 states expressly that the drafters and voters intended to incorporate the established federal meaning of "injury in fact."  Prop. 64 §§ 3, 5.  The UCL requirement, however, is narrower because the federal standing requirement permits injury of a non-economic nature, whereas the UCL standing

521286

1   requirement allows *only* economic injury.  *TrafficSchool.com, Inc. v. Edriver Inc.*,

2   653 F.3d 820, 825 n.1 (9th Cir. 2011).  Federal standing requirements are satisfied

3   by a showing that the plaintiff "has suffered an invasion of a legally protected

4   interest that is (a) concrete and particularized, and (b) actual or imminent, not

5   conjectural or hypothetical."  *Associated Builders & Contractors, Inc. v. San*

6   *Francisco Airports Comm'n*, 21 Cal. 4th 352, 362 (1999).

7           Here, under the authorities set forth above, Plaintiff's UCL claims fail

8   because she has not lost money or property, nor has she suffered injury in fact.

9   Plaintiff does not allege that Defendant refused even one attempt by her to return

10  any unreturned merchandise before or after notifying her of its existing return

11  policy, or that she ever even *attempted* such a return after receiving a letter notifying

12  in advance that she would not be able to do so for purchases made after February 25,

13  2014.  Thus, like the plaintiff in *Schwartz*, Plaintiff's only alleged damages are

14  *potential* damages.  Given that Plaintiff suffered no economic injury and fails to

15  allege that she ever attempted to return any merchandise still in her possession, her

16  damage claim is purely conjectural and hypothetical, such that she does not satisfy

17  the injury in fact requirement.  *See Associated Builders*, 21 Cal. 4th at 362.[4]

18          **2.      Plaintiff Cannot State a Claim for Violation of the CLRA**

19          To have standing under the CLRA, a Plaintiff must show that she sustained

20  "any damage" as a result of the defendant's unlawful acts.  Cal. Civ. Code § 1780;

21  *Aron v. U–Haul Co. of Cal.*, 143 Cal. App. 4th 796, 802 (2006).  The phrase "any

22

23  [4] Plaintiff's allegation that, had she known of Defendant's policy, she would not

24  have purchased Defendant's products, would have purchased fewer products, and/or
    would have paid less for the products (*see* Compl. ¶ 21), is disingenuous.  After
    February 13, 2014, the date on which she acknowledges she learned of Defendant's

25  policy (*see id.* ¶ 19), she made no attempt to return any products she had previously
    purchased.  *See generally* Compl.  She could not have paid less for the goods while

26  still purchasing them from Defendant, and any goods still in her possession are
    goods she *chose to not even attempt to return*, either before or after Defendant  gave

27  her 2-weeks' notice on February 11, 2014 that she would be unable to return any
    merchandise purchased after February 25, 2014.  Because she failed to make any

28  effort to  return any of her outstanding, unreturned purchases, her claims that she
    would not have purchased/purchased fewer of the goods, rings hollow.

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT
521286

damage" is satisfied where the plaintiff can show she suffered pecuniary damages, or incurred transaction or opportunity costs. *See Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 640 (2009); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013) (applying California law).

Additionally, to state a CLRA violation, a plaintiff also must allege he or she "suffer[ed] . . . damage as a result of" the alleged violation. Cal. Civ. Code, § 1780(a). Thus, a plaintiff must allege that he or she "suffered economic injury as a result of his or her reliance on the truth and accuracy of the defendant's representations." *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 228; *see Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010); *Gartin v. S & M NuTec LLC*, 245 F.R.D. 429, 440 (C.D. Cal. 2007) ("Relief is limited to those who actually suffered damages, so causation is a requirement of relief under CLRA.").

Here, Plaintiff's CLRA claim cannot survive as a matter of law. First, under *Aron*, *Meyer*, and *Hinojos*, Plaintiff lacks standing because she has suffered no pecuniary damages (*see supra* Section III.B.1),[5] and she fails to allege that she incurred any transaction costs or opportunity costs. *See generally* Compl. Second, Plaintiff does not (and cannot) allege that she suffered economic injury as a result of her reliance on any of Defendant's representations: *Plaintiff fails to allege that she tried to return any unreturned merchandise still in her possession, either before or after being given a 2-week warning that she would later be unable to do so (and even then, only for purchases made after February 25, 2014).*

/ / /

/ / /

/ / /

---

[5] On her third cause of action for violation of the Consumer Legal Remedies Act (Cal. Civ. Code §1750 et seq.), Plaintiff is not seeking monetary damages. *See* Compl. ¶ 70 ("with respect to only Plaintiff's CLRA claim, Plaintiff only seeks equitable and injunctive relief through the CLRA and not actual damages via the CLRA.")

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT

521286

**3.     Plaintiff's Claim for Negligent Misrepresentation Fails Because She Suffered No Loss**

In order to be actionable, a misrepresentation must cause the plaintiff to suffer a loss.  Cal. Civ. Code §§ 1709 (liability only for "any damage which [plaintiff] suffers"), 3333 & 3343; *Creative Ventures, LLC v. Jim Ward & Assocs.*, 195 Cal. App. 4th 1430, 1444 (2011) ("In order to recover . . . , plaintiffs had to prove that the alleged misrepresentation resulted in a *loss*.  Deception without loss is not actionable") (emphasis in original); *Saunders v. Taylor*, 42 Cal. App. 4th 1538, 1543, (1996) (affirming nonsuit where plaintiff failed to establish damages).

Here, under the Civil Code sections cited above, *Creative Ventures*, and *Saunders*, Plaintiff's cause of action for negligent misrepresentation fails because she does not allege that she suffered any loss.  Plaintiff does not (and cannot) allege that she attempted to return any unreturned merchandise or that Defendant refused to accept such a return.  Instead, she merely alleges she was deceived by Defendant's alleged failure to notify her of its policy at the time of purchase.  *See* Compl. ¶¶ 17, 18, 73, 74.  Deception without loss, however, is not actionable. *Creative Ventures*, 195 Cal. App. 4th at 1444.

**C.     Even If Plaintiff Had Alleged Compensable Damages, Her Recovery On Each Of Her Causes Of Action Is Barred By Her Failure To Mitigate**

Under the doctrine of mitigation of damages, "[a] plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and *will not be able to recover for any losses which could have been thus avoided*."  *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994) (citing, *inter alia*, *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (1993) (emphasis added)).  More specifically, a plaintiff may not recover for damages avoidable through ordinary care and reasonable exertion.  *Valle de Oro*, 26 Cal. App. 4th at 1691; *State Dept. of Health Services v. Superior Court*, 31 Cal. 4th 1026, 1043 (2003).

9

The doctrine of mitigation of damages requires that where the event producing injury or damage has already occurred, it then "become[s] the obligation of the injured or damaged party to avoid continuing or enhanced damages through reasonable efforts." *Valle de Oro*, 26 Cal. App. 4th at 1691.  A plaintiff "has an obligation to avoid an unwarranted enhancement of damages 'through passive indifference or stubborn insistence upon a conceived legal right.'" *Id.* (quoting *Green v. Smith*, 261 Cal. App.2d 392, 398-399 (1968)).  A court can decide the issue of a plaintiff's failure to mitigate damages where "the facts are undisputed and permit of only one conclusion." *West v. Bechtel Corp.*, 96 Cal. App. 4th 966, 985 (2002); *see also Yates v. Auto City 76*, No. C-10-3932 EMC, 2014 WL 6735397, at *1 (N.D. Cal. Nov. 25, 2014).

1.      **Plaintiff Cannot Recover Any Losses or Damages Claimed in Her UCL, CLRA, or Negligent Misrepresentation Causes of Action**

As discussed above, Plaintiff's complaint states on its face that she has no damages other than those resulting from her own failure to mitigate.  Plaintiff acknowledges that, on February 13, 2014, she received a letter from Defendant informing her: (1) of Defendant's return policy and Plaintiff's violation thereof; (2) that, beginning on February 25, 2014, Defendant would refuse any attempt by Plaintiff to return merchandise *purchased after February 25, 2014*; and (3) that Defendant sent the letter to allow Plaintiff to "plan [her] purchases accordingly." Compl. ¶ 19; Steiner Decl., Ex. A.

Additionally, the Court may properly consider the February 11, 2014 and March 17, 2014 letters Defendant sent to her even though she did not attach them to her Complaint.  *See supra* Section III.A (discussing *Corinthian Colleges*, 655 F.3d at 999; *Marder*, 450 F.3d at 448, and *Parrino*, 146 F.3d at 706 & n.4).  The Complaint specifically refers to each letter.  See Compl. ¶¶ 19, 20.  Additionally, the letters are central to Plaintiff's claims, as they gave Plaintiff notice of the relevant aspect of Defendant's return policy and, particularly with respect to the February 11,

10

2014 letter, warned her that she had violated the policy and would not be able to return merchandise purchased in the future.

Plaintiff could have returned any merchandise purchased before February 25, 2014 at *any* time as long as the merchandise complied with the terms of Defendant's existing return policy.  Accordingly, after receiving the February 11, 2014 letter, by exercising ordinary care and reasonable exertion, Plaintiff could have avoided any losses by: (1) returning any unreturned merchandise that was purchased before February 25, 2014 at any time (even after that date), and (2) not purchasing any merchandise from Defendants after February 25, 2014.   Instead, either "through passive indifference or stubborn insistence upon a conceived legal right," (*Valle de Oro*, 26 Cal. App. 4th at 1691), Plaintiff did absolutely nothing.  Her total failure to mitigate bars any recovery on each of her purported causes of action.

## 2.  Plaintiff is Not Entitled to Restitution on Her Cause of Action for Breach of Quasi-Contract

The gravamen of a quasi-contractual action grounded on unjust enrichment is the equitable principle that one should not be allowed to enrich himself at expense of another.  *Vernon v. S. Cal. Edison Co.*, 191 Cal. App. 2d 378 (1961).  Any enrichment, however, is unjust "only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662 (1992).

A claim grounded on unjust enrichment can be waived by the plaintiff.  *See Bastanchury v. Times-Mirror Co.*, 68 Cal. App. 2d 217, 240 (1945).  Waiver is the intentional relinquishment of a known right.  *Gould v. Corinthian Colls., Inc.*, 192 Cal. App. 4th 1176, 1179 (2011)  Waiver may be implied through conduct or circumstances manifesting an intention to waive.  *Gould*, 192 Cal. App. 4th at 1179; *Bastanchury*, 68 Cal. App. 2d at 240.

Here, Plaintiff is not entitled to restitution of any profits Defendant received from Plaintiff's purchases.  First, Defendant's retention of these profits is not unjust.

11

521286

Plaintiff received precisely the goods she paid for and does not allege that she did not want the goods she purchased, that they were unsatisfactory, or worth less than what she paid.  Second, Plaintiff's conduct manifests an intention to waive any claim for unjust enrichment.  Plaintiff could have returned any merchandise still in her possession that was purchased before February 25, 2014 at any time, as long as the merchandise complied with the terms of Defendant's existing return policy, but she chose not to.  Moreover, she was given a 2-week advance warning that she would be unable to return merchandise that she purchased after February 25, 2014.  Had she done so, she could have prevented any alleged unjust enrichment.  Instead, she did nothing, thereby waiving any claim for unjust enrichment.

**D.     Plaintiff Fails To State A Facially-Valid CLRA Claim**

"The first and most important step in construing a statute is the statutory language itself." *Royal Foods Co., Inc. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1107 (9th Cir. 2001) (citing *Chevron USA v. Natural Res. Def. Council*, 467 U.S. 837, 842–44 (1984)).  Courts "look to the text of the statute to 'determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Royal Foods*, 252 F.3d at 1107 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).  "If from the plain meaning of the statute [legislative] intent is clear, that is the end of the matter." *Royal* Foods, 252 F.3d 17 1107 (citing *Chevro*n, 467 U.S. at 843).

Here, under the plain meaning of the CLRA provisions that form the basis of Plaintiff's CLRA claim, Defendant has not violated the CLRA.   Plaintiff claims that Defendant violated the following sections of the CLRA: (i) 1770(a)(5) ("[r]epresenting that *goods or services* have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."); (ii) 1770(a)(7) ("[r]epresenting that *goods or services* are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."); and (iii) 1770(a)(9) ("[a]dvertising *goods or services* with intent not to

sell them as advertised.")  Compl. ¶¶63-65 (emphasis added).  The plain language of these sections makes clear that they require that Defendant have made representations and advertisements regarding *goods and services themselves* (not regarding any *transaction* for the goods or services).  Plaintiff's Complaint, however, is devoid of any allegations that Defendant made any representations or claims regarding the goods that she purchased, or issued any advertisements regarding those goods.  *See generally* Compl.  Accordingly, Plaintiff fails to state a valid claim under the CLRA.

**E.     Plaintiff Is Not Entitled To Injunctive Relief**

"Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical.  In the context of injunctive relief, the plaintiff must demonstrate a *real or immediate threat* of an irreparable injury."  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004) (no standing to pursue injunction against insurer under UCL where plaintiff no longer had an insurance policy with defendant); *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1114 (9th Cir. 2013) (no standing to pursue injunction under CLRA where class action representative bringing claims against physicians who performed LASIK eye surgery did not allege that he intended to have further surgery).  Additionally, a plaintiff must still satisfy Article III's standing requirements even if California state courts would permit the plaintiff to pursue injunctive relief "even though he or she currently suffers no individualized injury as a result of defendant's conduct." *Hangarter*, 373 F.3d at 1022; *see Perez*, 711 F.3d at 1114 ("'Standing is a threshold matter central to [the court's] subject matter jurisdiction.").

Under California law, the general rule is that "injunctive relief will be denied if at the time of the order or judgment, there is no reasonable probability that the past acts complained of will recur."  *Cal. Service Station & Auto. Repair Ass'n v. Union Oil Co. of Cal.*, 232 Cal. App. 3d 44, 57 (1991).  This principle also applies to UCL claims. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123

(9th Cir. 1999) ("Under California law [Bus. & Prof.C. § 17200], a plaintiff cannot receive an injunction for past conduct unless he shows that the conduct will probably recur.").  Under the CLRA, a plaintiff must have suffered "'damage' as a result of unlawful practices" in order to obtain injunctive relief.  *Meyer v. Sprint Spectrum LP*, 45 Cal. 4th 634, 645 (2009) (affirming judgment dismissing CLRA claim for injunctive relief because even though consumer contract at issue contained allegedly unconscionable arbitration provision, it had never been invoked against plaintiff).

Here, Plaintiff lacks standing under Article III because there is no real or immediate threat of an irreparable injury to her.  Plaintiff's Complaint makes clear that she is now fully aware of Defendant's policy.  *See, e.g.*, Compl. ¶¶ 19, 20. Similar to the plaintiffs in *Hangarter* and *Perez*, there is no ongoing threat that Plaintiff is at risk of purchasing additional products from Defendant without knowing its policy.

For similar reasons, Plaintiff does not satisfy the requirements for obtaining injunctive relief under the UCL or CLRA.  Plaintiff cannot receive an injunction under the UCL for Defendant's alleged past conduct because there is no possibility the conduct will recur as to her.  Plaintiff herself states that, had she known of Defendant's policy she could have, *inter alia*, purchased elsewhere.  Compl. ¶ 21. Now she knows.  She also is not entitled to an injunction under the CLRA because she did not suffer damage as a result of any alleged unlawful practices.  According to Plaintiff's own allegations, Defendant's return policy has not actually been invoked against her because she fails to allege that Defendant ever refused any attempt she made to return merchandise.  *See Meyer*, 45 Cal. 4th at 645.

/ / /

/ / /

/ / /

/ / /

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT

521286

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court grant this motion to dismiss the Complaint, with prejudice.

DATED: February 6, 2015

KELLEY DRYE & WARREN LLP
David E. Fink
Ken D. Kronstadt

By    /s/ Ken D. Kronstadt
       Ken D. Kronstadt
Attorneys for Defendant Saks & Company,
erroneously sued as Saks Fifth Avenue, Inc.

DEFENDANT SAKS & COMPANY'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT

521286